Ellis *v.* Farber, Appellant.

Argued April 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William C. Elliott,* with him *Frederick E. Smith, Walter Biddle Saul* and *Saul, Ewing, Remick & Saul* and *Ross & Smith,* for appellant.

*John P. Fullam,* with him *Charles F. Nahill* and *Eastburn, Begley & Fullam,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 27, 1955:

Plaintiffs sued defendant in assumpsit to recover the deficiency between the price for which real estate was sold to defendant under written contracts between them and the price for which the real estate was sold on a resale. The written contracts each contain a self-integrating provision that no contemporaneous or subsequent oral agreement or representation was to be effective unless embodied in the writing. Defendant contended that the written contracts were executed upon condition that her husband approve them and join in the checks which she gave as a deposit at the time of

sale. The jury rendered a verdict for $8,620.96. Judgment was entered on the verdict. Motion for new trial was refused. This appeal followed.

Gage B. Ellis and Elizabeth Kreider Ellis, plaintiffs, were the owners of 462 acres of land in Middletown and Newton Townships, Bucks County. On November 14, 1951, they exposed the entire tract to sale at public auction conducted by the Louis Traiman Auction Company. The tract was divided into twenty-two parcels for auction purposes. Roze M. Farber, defendant, attended the sale and was the successful bidder for two of the parcels, Nos. 8-9 and 14. For the former she agreed to pay $5,000 and for the latter $11,000, a total of $16,000. Defendant, after making such successful bids, executed two written agreements of sale, and gave the auctioneer two checks, one for $750.00 and the other for $1,650.00, representing a fifteen per cent deposit on account. The checks were returned unpaid by the bank because the signature of defendant's husband was required thereon and he had refused to sign them. Defendant declined to comply with the terms of her written contracts, contending that the agreements were executed by her on the express *oral condition* that her husband also agree. After notice, the real estate was resold at public auction with consequences as stated.

While allegations are made by defendant relative to oral understandings, conditions and agreements made contemporaneously, prior and subsequent to the execution of the written agreements, a reading of the testimony discloses no adequate proof that any such alleged oral contract or conditional delivery was made with plaintiffs or their authorized agent.

The judgment is affirmed.